Appeal from order, Supreme Court, New York County (Joan A. Madden, J.), entered July 27, 2012, which granted defendants’ motion to dismiss the complaint, deemed appeal from judgment, same court and Justice, entered August 6, 2012, dismissing the complaint (CELR 5520 [c]), and, so considered, judgment unanimously affirmed, without costs.
Elaintiff alleges that he was terminated from his employment in retaliation for voicing complaints and objections to the CEO and sole beneficial owner concerning that officer’s use of company funds to evade payment of state and federal taxes. Elaintiff maintains that such retaliation violates New York’s False Claims Act, which prohibits employers from retaliating against employees for whistleblowing (State Finance Law § 191 [1]).
To state a claim for retaliation under a false claims statute, a plaintiff must show that “(1) the employee engaged in conduct protected under the [statute]; (2) the employer knew that the employee was engaged in such conduct; and (3) the employer discharged, discriminated against or otherwise retaliated against *488 the employee because of the protected conduct” (McAllan v Von Essen, 517 F Supp 2d 672, 685 [SD NY 2007] [internal quotation marks omitted]).
Although internal complaints alone may constitute efforts to stop the violation of a false claims statute and thus rise to the level of protected conduct (see Manfield v Alutiiq Intl. Solutions, Inc., 851 F Supp 2d 196, 202 [D Me 2012]; Guerrero v Total Renal Care, Inc., 2012 WL 899228, *4-5, 2012 US Dist LEXIS 32615, *14 [WD Tex, Mar. 12, 2012, No. EP-11-CV-449-KC]), the allegations here show that plaintiffs job responsibilities as Chief Financial Officer and Chief Operating Officer included managing the financial affairs of the company. Thus, plaintiff was required to show that his complaints of noncompliance with the tax laws went beyond the performance of his normal job responsibilities so as to overcome the presumption that he was merely acting in accordance with his employment obligations (see United States ex rel. Schweizer v Oce N.V., 677 F3d 1228, 1238-1239 [DC Cir 2012]). Plaintiff has not done so, and accordingly, the complaint was properly dismissed.
We have considered plaintiffs remaining contentions, including the argument that his objections to the owner’s personal fraud gave rise to protected conduct, and find them unavailing. Concur — Tom, J.P, Mazzarelli, Freedman, Richter and Feinman, JJ.